IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NATALIE MATHER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SHAD PEASE,<br><br>　　　　　　Defendants. | CV 13-148-M-DWM-JCL<br><br>ORDER |

**I.**　**INTRODUCTION**

On July 23, 2013, Plaintiff Natalie Mather, proceeding pro se, lodged a civil complaint and filed a Motion to Proceed In Forma Pauperis. Mather submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears she lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Mather's Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Mather's lodged Complaint as of the filing date of her request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal–
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will proceed to review Mather's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.   PLAINTIFF'S ALLEGATIONS

Defendant Shad Pease is a Ravalli County Sheriff Deputy. Mather commenced this action complaining about Pease's conduct in effecting her arrest on April 23, 2013, in Ravalli County, Montana. Mather alleges that in the course of taking her into custody Pease sexually and physically assaulted her, and used

excessive force against her to effect her arrest.  Therefore, Mather advances claims against Pease under 42 U.S.C. § 1983 alleging Pease violated her rights secured to her under the United States Constitution.

On July 31, 2013, Mather filed a motion requesting the Court enter an order directing the United States Marshal to effect service of her Complaint on Defendant Shad Pease.  For the reasons discussed, the Court will grant the motion to the extent it will seek Pease's waiver of service in lieu of personal service.

### III.   DISCUSSION

Because Mather is proceeding pro se the Court must construe her pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).  Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

In considering Mather's allegations, the Court finds they are properly construed as asserting a claim under 42 U.S.C. § 1983.  Section 1983 states, in part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983. Section 1983 is the vehicle through which a plaintiff can present claims under federal law against a state or local government official or employee if the plaintiff can establish that the official or employee was acting under color of state law and deprived the plaintiff of a federal right.

Mather alleges Pease used excessive force against her during the course of his conduct in arresting her on April 23, 2013. She also sets forth specific facts describing Pease's conduct and his alleged sexual and physical assault against her. The substance of Mather's Complaint, accepting the allegations as true, at least state several claims for violations of her right against unreasonable seizure protected under the Fourth Amendment to the United States Constitution which claims are viable under 42 U.S.C. § 1983.

Accordingly, the Court will serve Mather's complaint on the Ravalli County Attorney, and the Court requests that the Ravalli County Attorney accept service of the complaint on Pease's behalf.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Mather's motion for service is GRANTED to the extent set forth in this Order. Pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(d), the Court requests the Ravalli County Attorney, on behalf of Pease, waive service of summons by executing the attached Waiver of Service of Summons.

The Waiver must be returned to the Court within thirty (30) days of the entry date reflected on the Notice of Electronic Filing for this Order. If the Ravalli County Attorney accepts service on behalf of Pease and returns the Waiver of Service of Summons, an answer or appropriate motion will be due within 60 days after this request for waiver was sent as reflected on the Notice of Electronic Filing for this Order, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(ii).

2. The Clerk of Court shall forward the documents listed below to:

> William E. Fulbright
> Ravalli County Attorney
> 205 Bedford Street, Ste. C
> Hamilton, Montana 59840

* this Order,

* a Notice of Lawsuit & Request to Waive Service of Summons;

* a Waiver of Service of Summons; and

* Mather's Complaint filed July 23, 2013.

Counsel for Defendant must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed. R. Civ. P. 5(a), all documents presented for the Court's consideration must be simultaneously served in the manner required by Fed. R. Civ. P. 5(b). Each party shall comply with the Certificate of Service requirements set forth in Fed. R. Civ. P. 5(d). The certificate of service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Mather shall not make any motion for default until at least seventy (70) days after the date of this Order.

6. Mather shall notify the Court immediately if her address changes.

Failure to do so may be cause for dismissal of this case without further notice.

7. Mather is advised that her failure to comply with the Court's orders may result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Mather is advised that the Court may dismiss this case under Rule 41(b) on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 5th day of August, 2013.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

NOTICE OF LAWSUIT AND REQUEST FOR
WAIVER OF SERVICE OF SUMMONS

TO:   William E. Fulbright
      Ravalli County Attorney
      205 Bedford Street, Ste. C
      Hamilton, Montana 59840

A lawsuit has been commenced by a pro se plaintiff against an employee of Ravalli County, Montana.  A copy of the Complaint plaintiff filed is attached to this notice.  It has been filed in the United States District Court for the District of Montana, Civil Action No. CV 13-148-M-DWM-JCL.  The Court has completed its pre-screening and concludes that Defendant must file a responsive pleading.  *See* 28 U.S.C. § 1915(e)(2).

This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshals Service.  The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date of this Notice as reflected on the Notice of Electronic Filing of the Order which was served with this Notice.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served.  The action will then proceed as if you had been served on the date the waiver is filed, except that you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of the Defendant, please indicate this on the Waiver of Service of Summons form.  The Court will, in turn, order the U.S. Marshals Service to serve the complaint personally on Defendant and may impose the full costs of such service.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

The following Defendant acknowledges receipt of your request that he waive service of summons in the following action: *Mather v. Pease*, Civil Action No. CV 13-148-M-DWM-JCL filed in the United States District Court for the District of Montana.  Defendant has also received a copy of the Complaint filed in this action.  I am authorized by Defendant to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individual be served with judicial process in the case provided by Fed. R. Civ. P. 4:

_____; _____; _____;

_____; _____; _____;

The above-named Defendant retains all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand that judgments may be entered against the above-named Defendant if an answer or motion under Fed. R. Civ. P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

I decline to waive service on behalf of the following Defendant:

_____; _____; _____;

_____; _____; _____;

_____; _____; _____;

_____    _____
DATE                                             SIGNATURE

_____
PRINTED/TYPED NAME

_____

_____
ADDRESS