IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NATALIE MATHER,<br><br>        Plaintiff,<br><br>vs.<br><br>SHAD PEASE,<br><br>        Defendant. | CV 13-148-M-DWM-JCL<br><br>ORDER |

      This civil rights action under 42 U.S.C. § 1983 has its genesis in Plaintiff Natalie Mather's arrest by Defendant Shad Pease, a deputy with the Ravalli County Sheriff's Office. The gravamen of Mather's claims is that during the course of the arrest Pease allegedly subjected Mather to excessive force, physical assault, and sexual assault. In his answer to Mather's complaint, Pease denies Mather's allegations and he advances counterclaims against Mather under Montana law for assault, battery, and defamation.

      The matter is presently before the Court on Mather's motion requesting the Court to dismiss the action without prejudice – presumably under authority of Fed. R. Civ. P. 41(a)(2). In support of her motion, Mather advises the Court that her current medical condition – including lengthy medical treatment in the near future

1

– effectively precludes her from prosecuting her claims at this time.

Pease opposes the motion on two bases. First, Pease argues that unless the dismissal is with prejudice his ability to effectively defend against Mather's claims will be compromised if she is allowed to prosecute the same claims at a later date. Second, he asserts he would be prejudiced in his counterclaim because, at present, he is afforded assistance of counsel by virtue of his former employment with Ravalli County and that assistance may not be available at a later date. In this regard, Pease emphasizes that unless Mather's claims are dismissed with prejudice, the counterclaims provide him the only avenue for vindication from Mather's allegations that Pease physically and sexually assaulted her – a vindication that is critical to seek employment in a position of public trust, presumably in a position of a law enforcement officer.

Fed. R. Civ. P. 41(a)(2) provides:

**(2) By Court Order; Effect.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

As this Court explained in *Pendergrass v. Clanton*, 2008 WL 2079144, *2 (D. Mont. 2008):

> "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced." *Stevedoring Services of America v. Armilla International B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted). A court should grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant will "suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts." *Phillips v. Illinois Central Gulf Railroad*, 874 F.2d 984, 986 (5th Cir. 1989). "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water District v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

The fact that Pease would face the prospect of a subsequent suit by Mather on the same facts if this action is dismissed without prejudice does not, standing alone, warrant a denial of Mather's motion for voluntary dismissal.

But because Pease pleaded counterclaims before being served with Mather's motion to dismiss, the action may be dismissed over Pease's objection only if his counterclaims can remain pending for independent adjudication. Fed. R. Civ. P. 41(a)(2). Pease expresses concern that because Mather's section 1983 claims are within the Court's federal question jurisdiction, dismissal of those claims may leave the Court without jurisdiction over his counterclaims. However, that would not be the case. Because Pease's counterclaims are compulsory in nature, they are necessarily part of the "same case or controversy" as Mather's claims, and thus fall within the Court's supplemental jurisdiction under 28 U.S.C. § 1367. Consequently, even if the Court were to dismiss Mather's section 1983 claims – the claims over which it has original jurisdiction – the Court is vested with

discretion under 28 U.S.C. § 1367 to retain jurisdiction under 28 U.S.C. § 1367 to adjudicate Pease's counterclaims.

The more pressing issue, however, is that even if the Court were to dismiss Mather's section 1983 claims without prejudice and retain supplemental jurisdiction over Pease's counterclaims, Mather's section 1983 claims would become compulsory counterclaims to Pease's claims under Fed. R. Civ. P. 13(a). Accordingly, Mather would be required to assert these compulsory counterclaims in response to Pease's counterclaims, or she would be thereafter barred from asserting her section 1983 claims in a subsequent action. *See Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. (1974) ("A counterclaim which is compulsory but is not brought is thereafter barred.") The point to be made, is that dismissal without prejudice of Mather's section 1983 claims would serve no pragmatic purpose because the Court would be required by Fed. R. Civ. P. 41(a)(2) to proceed with the adjudication of Pease's counterclaims.

Contrary to the suggestion of Pease, because this case is in its infancy, the Court cannot, under the circumstances, dismiss the case with prejudice. The appropriate course of action is to deny Mather's motion and proceed forward with this litigation.

Therefore, IT IS HEREBY ORDERED that Mather's motion requesting the

4

Court to dismiss this action without prejudice is DENIED. IT IS FURTHER ORDERED that the preliminary pretrial conference currently scheduled for November 5, 2013, is VACATED and is reset for **December 4, 2013, at 1:30 p.m.** to be conducted in the chambers of the undersigned United States Magistrate Judge at the Russell Smith Courthouse, 201 E. Broadway, Missoula, Montana.

On or before **November 6, 2013,** lead counsel for the respective parties, and any individual appearing pro se, shall confer to consider the matters listed in Fed. R. Civ. P. 26(f). On or before **November 27, 2013,** the parties shall file with the Court a written report outlining the joint discovery plan formulated at the conference. Finally, on or before **November 27, 2013,** each party shall file a preliminary pretrial statement.

All remaining provisions of the Order entered August 8, 2013, shall remain in effect.

At all times during the pendency of this action, Mather shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Mather is also advised that her failure to prosecute this action, to comply

with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 24th day of October, 2013.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge