IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NATALIE MATHER,<br><br>        Plaintiff,<br><br>vs.<br><br>SHAD PEASE,<br><br>        Defendant. | CV 13-148-M-DWM-JCL<br><br>ORDER |

## I.    **Plaintiff's Responses to Defendant's Discovery Requests**

Plaintiff Natalie Mather moves for an order requiring counsel for Defendant Shad Pease to provide Mather with another copy of Pease's discovery requests. Mather states that she lost her copy of the requests when she was arrested in Livingston, Montana. She asserts that she requested counsel to resend a copy of the discovery requests to her, but that counsel has not responded to her request.

The record reflects that Pease apparently served discovery requests upon Mather, and that Mather received those requests by March 17, 2014. (Doc. 51 at 2.) But on June 4, 2014, Mather moved for an extension of time to serve her answers to those discovery requests. In that motion Mather explained that she had been arrested in Livingston, Montana in March 2014, and was detained in both the

1

Broadwater County Jail and the Montana State Hospital in Warm Springs, Montana. She was released on May 27, 2014. Significantly, she further stated that her court documents and the discovery requests from Pease had been destroyed during her arrest in Livingston, and that she had requested another copy of those discovery requests from Pease. Consequently, the Court granted Mather's motion and extended the deadline for her discovery responses to June 30, 2014.

Mather's present motion states that she has not obtained a replacement copy of Pease's discovery requests. Under the circumstances, and in the interests of justice, IT IS HEREBY ORDERED that Mather's motion is GRANTED. Counsel for Pease shall re-serve a copy of Pease's discovery requests on Mather on or before **July 16, 2014**, and Mather shall serve her responses to those discovery requests on or before **August 1, 2014.**

The deadline for filing motions in this case is currently set for August 1, 2014. In view of the extension of the deadline for Mather's discovery responses, IT IS HEREBY ORDERED that the fully briefed motions deadline is extended and set for **August 29, 2014**.

All other provisions of the Court's February 7, 2014 scheduling order, as amended by Order entered March 26, 2014, shall remain in effect.

## II. Plaintiff's Untimely Amended Complaint

Also before the Court is Mather's Amended Complaint untimely filed on July 7, 2014. For the reasons discussed, that amended pleading is stricken from the record.

The deadline for the parties to file amended pleadings in this case has been extended multiple times upon Mather's motions. Initially, the Fed. R. Civ. P. 16(b) scheduling order entered February 7, 2014, established March 6, 2014, as the deadline for the parties to file amended pleadings. (Doc. 43 at 1.) On March 21, 2014, Mather moved to extend that deadline on the basis that she needed more time to add new claims and additional defendants which she asserted had subsequently come to light. By Order entered March 26, 2014, the Court granted Mather's motion and extended the deadline to April 28, 2014. (Doc. 54 at 2.)

On June 4, 2014, Mather filed a motion requesting an extension of the amended pleading deadline due to her arrest in Livingston, and her confinement in jail and at the State Hospital as noted above. Therefore, by Order entered June 16, 2014, the court granted Mather's motion and once again extended the amended pleading deadline to June 30, 2014. (Doc. 58 at 1.)

This action has already been lingering for a lengthy period of time. Mather initially commenced this action on July 23, 2013, and the course of this litigation

has been marked by numerous delays due to circumstances in Mather's life, and her attempt to dismiss this action without prejudice to allow her to recommence this case at a later date. To the extent possible, and in view of Mather's status as a pro se litigant, the Court has sought to accommodate Mather's circumstances and her asserted needs for various extensions of time.

Nonetheless, despite an almost 4-month extension of the amended pleading deadline originally set for March 6, 2014, Mather failed to satisfy the latest deadline of June 30, 2014. Mather's Amended Complaint is dated July 5, 2014, and was filed with the Court July 7, 2014. Thus, her pleading is untimely filed in violation of the Court's Rule 16 scheduling orders.

The importance of Rule 16 scheduling orders, and the need for adherence to the schedule and the deadlines imposed in those orders, are significant. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610-11 (9th Cir. 1992). "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by [parties] without peril.'" *Id.*, 975 F.2d at 610.

Due to heavy caseloads in the federal system, the courts must impose Rule 16 scheduling orders to "set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). Efforts to impose strict schedules
4

are "successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Id*. "Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence." *Id*.

A party's failure to comply with deadlines disrupts important schedules in the federal court system, and a "[d]isruption to the schedule of the court and other parties in that manner is not harmless." *Wong*, 410 F.3d at 1062. "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson*, 975 F.2d at 610. Thus, the purpose of Rule 16 is "to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986).

Mather's failure to timely file her amended pleading by the greatly extended June 30, 2014 deadline unacceptably and impermissibly disrupts the schedule for this litigation. Mather's amended pleading adds new defendants, and the addition of those new parties would require a complete revision of the scheduling order to (1) allow for delays inherent in the process necessary for the new parties' appearances in this action, and (2) accommodate further discovery relative to the

new parties. In its June 16, 2014 Order, the Court expressly advised Mather that it "will not grant any further deadline extensions in this case absent compelling reasons." (Doc. 58 at 2.) Mather did not move for an extension of the amended pleading deadline, and she has not presented any reasons for either an extension of the deadline, or to explain her untimely filing.

Since Mather did not filed a motion requesting an extension of the June 30, 2014 amended pleading deadline, her untimely filing of her amended pleading constitutes a unilateral attempt to extend that deadline. But, for a party to successfully modify a Rule 16 scheduling order, the party must establish that "good cause" exists for the modification. Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 09 (9th Cir. 1992)). Thus, a scheduling order can be modified if the party requesting the modification establishes she cannot reasonably meet, or could not have reasonably met deadlines imposed in the schedule despite her diligence. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609). If the requesting party fails to establish that she was diligent, then the court's "'inquiry should end' and the motion to modify" the scheduling order and to file an amended pleading should be denied. *Id*.

Again, not only did Mather neglect to move the Court to extend the June 30, 2014 deadline, she has not presented good cause for an extension. As noted, Mather has obtained multiple extensions of the amended pleading deadline in this action that has been pending for a year. The record establishes that Mather has not been diligent in pursuing her desire to amend her pleading, and the Court has more than reasonably accommodated her asserted need to amend her pleading. As it stands, Mather simply failed to file her amended pleading by June 30, 2014, and the course of this litigation is now beyond the point where the deadlines must be strictly enforced.

Based on the foregoing, the Court finds that Mather's Amended Complaint was untimely filed on July 7, 2014, and she has not presented any compelling reason or good cause for a further extension of the June 30, 2014 amended pleading deadline. Therefore, IT IS HEREBY ORDERED that Mather's Amended Complaint (doc. 63) is STRICKEN from the record having failed to properly obtain an extension of the expired amended pleading deadline. This action will proceed on Mather's original pleading, and in accordance with the existing schedule as modified in this Order.

DATED this 10th day of July, 2014.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge